UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATHLEEN O'CONNELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIAM HUGHES, et al., )<br>)<br>Defendants. ) | 2:24-cv-00376-SDN |

## ORDER DENYING MOTION FOR RECONSIDERATION

On November 5, 2024, Plaintiff Kathleen O'Connell sued the Maine Department of Agriculture, Conservation and Forestry ("DACF") Animal Welfare Program ("AWP"), four AWP employees in both their official and individual capacity, and individuals Lillian Bagley and Heidi Jordan as alleged affiliates of the AWP (collectively "Defendants"). ECF No. 1. In her Complaint, Ms. O'Connell alleged the Defendants improperly seized animals from her residence, on multiple occasions, in violation of her constitutional rights. In response, each Defendant filed a Motion to Dismiss the Complaint. On August 4, 2025, I granted Defendants' Motions to Dismiss, concluding the *Rooker-Feldman* doctrine procedurally barred Ms. O'Connell's complaint. ECF No. 39. Specifically, I found that any decision against the Defendants in this matter "would essentially overturn the state courts' prior judgments" against Ms. O'Connell, thus barring consideration of her Complaint before this Court pursuant to *Rooker-Feldman*. *Id.* at 7–9.

On August 27, 2025, Ms. O'Connell filed a timely Motion for Reconsideration of my Order dismissing her complaint. ECF No. 39. In response, all Defendants filed an opposition to Ms. O'Connell's Motion. ECF Nos. 40, 41, 42, 43 & 44. For the reasons that follow, I deny Ms. O'Connell's motion for reconsideration.

1

## BACKGROUND

This Order incorporates by reference the factual and procedural background as further detailed in my prior Order granting Defendants' Motions to Dismiss (the "Order"). *See* ECF No. 37 at 1–4.

In Ms. O'Connell's instant motion for reconsideration, she argues the original Order mischaracterized her primary argument within her Complaint as a claim that the AWP violated her rights by seizing animals from her residence. ECF No. 39 at 2; *see* ECF No. 37 at 1 ("The essence of O'Connell's complaint is that the AWP violated O'Connell's constitutional rights when it seized animals from her residence."). Instead, Ms. O'Connell contends her claims are "directed at policies and procedures (or lack thereof), and actions of defendants, which independently caused violations" of her constitutional rights. ECF No. 39 at 2–3. Additionally, Ms. O'Connell argues the Order dismissing her complaint "relied on prior cases involving different litigants and different factual scenarios" and contends "[w]hile precedent is persuasive, the Constitution requires courts to evaluate each case on its own merits." *Id.* at 3. Ms. O'Connell requests I grant her motion for reconsideration and vacate the prior order of dismissal, or alternatively, requests leave to amend the complaint "to ensure the systemic constitutional claims may be adjudicated on their merits." *Id.* at 4.

In response to Ms. O'Connell's motion for reconsideration, all named Defendants have filed an opposition to the motion. *See* Opposition of Heidi Jordan, ECF No. 40; Opposition of DACF Defendants, ECF No. 41; Opposition of Wendell Strout, ECF No. 42; Opposition of Lillian Bagley, ECF No. 43; Opposition of Angela Rogers, ECF No. 44. The Defendants collectively advance multiple arguments as to why Ms. O'Connell's motion should be denied, primarily that she has failed to address whatsoever why my reliance on

the *Rooker-Feldman* doctrine to dismiss her complaint was legally erroneous. *See* ECF No. 40 at 1 ("The plaintiff's Motion is devoid of any new information or argument relating in any way to the basis upon which this Court recently dismissed her case, and that was this Court's application of the *Rooker-Feldman* doctrine."); ECF No. 41 at 2 ("Ms. O'Connell does not even begin to argue how the Court's application of th[e *Rooker-Feldman*] doctrine to her complaint was done with any, let alone 'complete,' disregard of relevant law."); ECF No. 44 at 3 ("O'Connell did not present any developed arguments regarding the application of the *Rooker-Feldman* doctrine to the claims in her Complaint. Nor does her reconsideration motion directly address the *Rooker-Feldman* doctrine or its application to her Complaint."). Additionally, the Defendants collectively assert the arguments raised by Ms. O'Connell in her motion for reconsideration are vague, conclusory, and otherwise reiterations of her arguments advanced at prior stages of the litigation. *See* ECF No. 43 at 2 ("[The Motion] merely restates the vague proposition that 'policies and procedures' and 'actions of defendants' violated Plaintiff's constitutional rights."); ECF No. 40 at 1 ("She merely re-states some of her vague and conclusory claims of alleged Equal Protection violations found in her complaint surrounding the State's rescue of maltreated animals from her control.").

## DISCUSSION

### I.     Legal Standard

Ms. O'Connell seeks reconsideration of my Order dismissing her Complaint and relief pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). ECF No. 39 at 1. Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60(b) allows a party to seek relief from a final judgment for multiple reasons, including "mistake, inadvertence,

3

surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Ms. O'Connell argues the Order mischaracterized her Complaint and involved "improper reliance on precedent," *see* ECF No. 39 at 2–3. The First Circuit has held "an error of law cannot be regarded as a 'mistake' for the purpose of Rule 60(b)(1)." *Mancini v. City of Providence*, 909 F.3d 32, 47 (1st Cir. 2018) (quoting *Fisher v. Kandat, Inc.*, 589 F.3d 505, 513 n.15 (1st Cir. 2009). Generally, motions to reconsider a final judgment or order filed within twenty-eight days of the date of judgment are construed as motions to reconsider under Rule 59(e). *See Mancini*, 909 F.3d at 47–48; *Perez-Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 283–85 (1st Cir. 1993). Accordingly, I will evaluate Ms. O'Connell's motion for reconsideration under Rule 59(e).

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." *U.S. ex rel. Ge v. Takeda Pharm. Co.*, 737 F.3d 116, 127 (1st Cir. 2013) (quotation modified). "To secure relief under Rule 59(e), a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact." *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014). However, "the filing of a Rule 59(e) motion does not afford the movant an opportunity to introduce evidence that was previously available." *Mancini*, 909 F.3d at 48. Additionally, a party may not use a motion for reconsideration to "raise arguments which could, and should, have been made before the judgment issued." *Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A.*, 897 F.2d 611, 616 (1st Cir. 1990).

## II.   Analysis

In her motion for reconsideration, Ms. O'Connell fails to argue that my Order ruling her Complaint was barred by the *Rooker-Feldman* doctrine constituted a "manifest

error of law" as required by Rule 59(e). *Ira Green*, 775 F.3d at 28. The closest Ms. O'Connell comes to addressing my application of the *Rooker-Feldman* doctrine is her contention that the "dismissal relied on prior cases involving different litigants and different factual scenarios" and constituted "improper reliance on precedent addressing materially distinct circumstances." ECF Nos. 39 at 3, 39-1 at 1.[1] However, Ms. O'Connell does not articulate any "materially distinct circumstances" and does not attempt to distinguish the instant case from any specific case or legal authority cited in the Order. Nor does Ms. O'Connell provide any controlling legal authority or precedent upon which my analysis of her Complaint should have relied upon instead.[2] Without further development of this argument, I find Ms. O'Connell has failed to establish a "manifest error of law" so as to justify reconsideration.

Ms. O'Connell also contends the Order "mischaracterize[d]" her pleading by stating her claim was that the AWP violated her rights by seizing animals from her residence. ECF No. 39 at 2. Instead, Ms. O'Connell asserts her complaint "challenges the systemic policies, customs, and prejudicial actions of the Animal Welfare Program ("AWP") and its employees, which independently resulted in constitutional violations." ECF No. 39-1 at 1–2. However, this characterization of Ms. O'Connell's complaint is but the latest iteration of her grievances with Defendants that have now been litigated extensively throughout the Maine state courts, and before this Court. *See* ECF No. 37 at 7

---

[1] Ms. O'Connell likewise did not address the application of the *Rooker-Feldman* doctrine in her prior pleadings pertaining to Defendants' Motions to Dismiss. *See* ECF No. 37 at 5 ("O'Connell does not provide an argument contesting specifically the application of *Rooker-Feldman* here.").

[2] Ms. O'Connell states "[w]hile precedent is persuasive, the Constitution requires each court to evaluate each case on its own merits." ECF No. 39 at 3. I note here that the authority relied upon in the Order dismissing her complaint from within the First Circuit is not merely persuasive but is mandatory legal authority that applies in the resolution of Ms. O'Connell's complaint, and Defendants' Motions to Dismiss, on the merits. In any event, Ms. O'Connell neglects to provide the Court with the legal authority or precedent that should have been applied instead.

5

("Although the claims before this court are characterized as claims pursuant to § 1983, O'Connell is again seeking redress against the AWP for the search of her residence and seizure of her animals—that which has already been reviewed by every level of the Maine state courts."). A motion for reconsideration of a final judgment is not "a mechanism to regurgitate 'old arguments previously considered and rejected.'" *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (quoting *Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990)). Additionally, even if I found some meaningful difference in Ms. O'Connell's retelling of her complaint, this would not change my ultimate conclusion regarding the application of *Rooker-Feldman* to her claims. *See* ECF No. 37 at 7 ("O'Connell's recharacterization of the claims as invoking § 1983 does not defeat the application of *Rooker-Feldman* here because any findings in her favor would alter the final decisions of the Maine state courts."). Accordingly, Ms. O'Connell's latest characterization of her complaint against Defendants does not alter my prior analysis and application of *Rooker-Feldman*.

    Finally, Ms. O'Connell has moved, in the alternative, for "leave to amend the complaint to ensure the systemic constitutional claims may be adjudicated on their merits." ECF No. 39 at 4. However, "[i]f made subsequent to the entry of judgment," requests for leave to amend a complaint, "whatever their merit, cannot be allowed unless and until the judgment is vacated." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (quotation modified). Because I find Ms. O'Connell has not met the stringent standard for relief under Rule 59(e) to vacate my prior judgment of dismissal, I further deny her request for leave to amend her Complaint.

6

## CONCLUSION

Accordingly, and for the reasons described herein, Ms. O'Connell's motion for reconsideration, ECF No. 39, is **DENIED**.

**SO ORDERED.**

Dated this 20th day of November, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**
